### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| STANTON H. PEARSON | : | CASE NO. 05-50095-JBR |
| DEBTOR | : | |

### ORDER ON APPLICATION FOR ALLOWANCE OF COMPENSATION [#122]

This matter came before the Court for hearing on the Application for Allowance of Compensation Pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Rules of Bankruptcy Procedure and MLBR 2016-1 [# 122], the Debtor's Objection thereto [#130], and the Applicant's Response [#132] and Amended response [#133]. In his Application Debtor's counsel sought $19,107.75 in fees and $483.43 in expenses. Debtor's counsel, however, has agreed to waive any fees and expenses in excess of the amounts paid as a retainer ($1,694) plus the balance held by the Chapter 13 Trustee for return to the debtor ($2,162). The Debtor agreed to this arrangement. The Court is satisfied that reasonable compensation to Debtor's counsel exceeds the retainer received plus the amount held by the Chapter 13 Trustee, even considering the objections raised by the debtor. The Court need not expend time and energy to determine the exact amount the Court would allow for Debtor's counsel's services as the agreement between the parties caps the payment at such a low threshold.

The claims asserted by the Debtor against his counsel are preserved to the Debtor under *Iannochino v. Rodolakis (In re Iannochino),* 242 F.3d 46 (1st cir. 2001), as this Court abstains from hearing the merits of the Debtor's complaints against his

counsel as the Debtor's bankruptcy has been dismissed and such claims are not property of the estate. Counsel's defenses to such claims are also preserved.

The Debtor's "Motion for Independent Attorney review" contained within his Objection is hereby DENIED as this Court has abstained from hearing the merits of the Debtor's complaints.

Dated: December 6, 2006

_____
Joel B. Rosenthal
United States Bankruptcy Judge